IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2188-FL

| | | |
|---|---|---|
| COLIN KIT MAHONEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| FAYE DANIELS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter came before the court on respondent's motion for summary judgment (DE 5) pursuant to Federal Rule of Civil Procedure 56, regarding petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The issues raised were fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF CASE**

On October 7, 2004, petitioner was found guilty after a jury trial in the Carteret County Superior Court of first-degree sexual offense against a child and felonious restraint. State v. Mahoney, 176 N.C. App. 409, 626 S.E.2d 875 (2006). Petitioner was sentenced to a minimum of three hundred thirty-six (336) months and a maximum of four hundred thirteen (413) months imprisonment. Id. The North Carolina Court of Appeals found no error in petitioner's conviction and sentence on March 7, 2006. Id.

On September 22, 2010, petitioner filed a *pro se* motion captioned "Memorandum and Motion to Dismiss for Lack of Subject Matter Jurisdiction" in the superior court. (Resp't's Mem.

Ex. 6.) On August 24, 2011, petitioner filed a motion captioned "Judicial Notice Pursuant to 28 CFR Ch. 1.53228 For Deposit Opt. Forms 90, 91 & SF 24, 25, 25A, 28." (Id. Ex. 7.) On July 11, 2011, the superior court entered an order construing petitioner's filings as motions for appropriate relief. (Mem. in Supp. of Pet., attach. pp. 4-5.) The superior court summarily denied petitioner's MARs on September 14, 2011. (Id.)

On March 9, 2012,[1] petitioner filed a third *pro se* MAR, which was summarily denied on August 12, 2012. (Id. p. 14.) On January 28, 2013,[2] petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals. (Id. p. 60.) The court of appeals dismissed petitioner's certiorari petition on March 4, 2013. (Id. p. 22.)

On August 21, 2013, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his petition, petitioner alleges that the superior court judge violated his rights pursuant to the Due Process Clause of the Fourteenth Amendment to the United States Constitution when the judge denied petitioner's right to be heard an all meritorious issues presented in petitioner's post-conviction proceedings. Petitioner contends that the superior court judge also denied him "all resources to present [his post-conviction] issues as mandated by this state's statutes." (Pet. p. 6.)

On January 28, 2014, respondent filed a motion for summary judgment, arguing that petitioner's action is time-barred. Alternatively, respondent argues that petitioner's claims are without merit. The motion was fully briefed. Petitioner subsequently filed a motion to supplement

---

[1] Providing petitioner the benefit of the mailbox rule, the court deems his MAR, dated March 9, 2012, but filed on March 14, 2012, to be filed on March 9, 2012. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a *pro se* prisoner's notice of appeal is filed at the moment it is delivered to prison authorities for mailing to the district court).

[2] Providing petitioner the benefit of the mailbox rule, the court deems his petition for a writ of certiorari dated January 28, 2013, but filed on February 14, 2013, to be filed on January 28, 2013. See Houston, 487 U.S. at 276.

2

his petition and a motion to appoint counsel. The court granted petitioner's motion to supplement, but denied his motion to appoint counsel.

## DISCUSSION

A.  Motion for Summary Judgment

    1.  Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. Anderson, 477 U.S. at 250.

    2.  Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual

predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

The statutory period began to run in this case on the date petitioner's judgment became final. The North Carolina Court of Appeals denied petitioner's appeal of his conviction on March 7, 2006. Petitioner then had thirty-five (35) days, until April 11, 2006, to file a notice of appeal with the North Carolina Supreme Court where there is an appeal of right and/or a petition for discretionary review. See N.C. R. App. P. 14(a) and 15(b) (petition for discretionary review may be filed within 15 days after issuance of the mandate by the Court of Appeals); N.C. R. App. P. 32(b) (mandate issues 20 days after written opinion unless court orders otherwise). Because petitioner did not file a timely notice of appeal or a petition for discretionary review to the North Carolina Supreme Court, he is not entitled to an additional ninety (90) days to file a petition for a writ of certiorari in the United States Supreme Court. See Gonzalez v. Thaler, 132 S.Ct. 641, 654-655 (2012). Thus, petitioner's conviction became final on April 11, 2006, when his case became final for purposes of direct appellate review.

The one-year limitation period then began to run on April 11, 2006, and ran for three hundred sixty-five (365) days until it expired on April 11, 2007. Petitioner did not file his habeas petition in this court until August 2013. Thus, the action is time-barred.

      a.     Statutory Tolling

Petitioner's September 22, 2010, MAR, and subsequent filings, did not operate to toll the running of the statutory period because under § 2244(d)(1) the statutory period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d

4

557, 560 (4th Cir. 1999). Tolling is not permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02, 2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271 (4th Cir. 2006). Thus, petitioner is not entitled to statutory tolling for his pleadings filed subsequent to the expiration of the statute of limitations.

Additionally, as a defense to the running of the statute of limitations pursuant to § 2244(d)(1)(A), petitioner contends that he is entitled to belated commencement of the limitation period under § 2244(d)(1)(D). The statute of limitation period is triggered pursuant to § 2244(d)(1)(D) on the date which the exercise of due diligence would have led the petitioner to discover the factual predicate of his claim. Green v. Johnson, 515 F.3d 290, 305 (4th Cir. 2008) (citing Wade v. Robinson, 327 F.3d 328, 331 (4th Cir. 2003). The Fourth Circuit Court of Appeals has held that the limitations period begins to run when a petitioner could have discovered the factual predicate of his claim through public sources. Green, 515 F.3d at 305; Wade, 327 F.3d at 333. In evaluating a petitioner's diligence, a court must consider that the "statute's clear policy calls for promptness." Johnson v. United States, 544 U.S. 295, 311 (2005). Finally, "the petitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." DiCenzi v. Rose, 452 F.3d 465, 471 (6th Cir. 2006) (citing Lott v. Coyle, 261 F.3d 594, 605-06 (6th Cir. 2001)).

5

In this case, petitioner asserts that he did not discover the factual predicate of the claim he asserted in his MAR, that there was insufficient evidence to prove his prior record level, until after the expiration of the statute of limitations. (Pet. ¶ 18.) In response, respondent contends that petitioner was aware of the factual predicate of his contention that there was insufficient evidence to prove his prior record level, through public sources, since the time the case became final on direct review on April 11, 2006. Petitioner presents no explanation for his delay in pursuing post-conviction relief. Therefore, § 2244(d)(1)(A) and not § 2244(d)(1)(D) provides the starting date for the period of limitation, and the action is time-barred.

      b.      Equitable Tolling

Petitioner also contends that he is entitled to equitable tolling. Even though the purpose of the AEDPA is to "reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism," the Fourth Circuit has held that "the AEDPA statute of limitations is subject to equitable tolling." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Nonetheless, the Fourth Circuit has noted the rarity in which equitable tolling applies. "Any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. . . . Principles of equitable tolling do not extend to garden variety claims of excusable neglect." Id. at 246 (citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)). Rather, equitable tolling only is "appropriate when . . . extraordinary circumstances beyond [the petitioner's] control prevented him from complying with the statutory time limit." Id. (citation and quotations omitted).

6

Petitioner claims he is entitled to equitable tolling due to his *pro se* status and because he was not aware of several laws regarding § 2254 proceedings, including the one-year statutory deadline. However, legal inexperience is not a justification for equitable tolling. Unites States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (stating that ignorance of the law is not a basis for equitable tolling); Cross-Bey v. Gammon, 322 F.3d 1012, 1215 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.") (internal quotations omitted). Accordingly, petitioner has not established the extraordinary circumstances necessary for equitable tolling, and is not entitled to equitable tolling on this ground.[3]

Even if petitioner's action was not time-barred, which this court maintains that it is, petitioner still is not entitled to habeas relief for his due process challenge to the superior court judge's rulings on petitioner's March 14, 2012, MAR and petitioner's request for counsel. In particular, a petitioner has no cognizable federal habeas claim for alleged deficiencies in state post conviction proceedings. Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir.2008) ("A state prisoner has no federal constitutional right to post-conviction proceedings in state court. . . . Thus, even where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself."); 28

---

[3] To the extent petitioner's allegations could be construed as additional grounds for equitable tolling, his conclusory allegations are not sufficient to establish equitable tolling. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir.1992) ("In order to obtain an evidentiary hearing ... a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."), abrogated on other grounds recognized by, Yeatts v. Angelone, 166 F.3d 255 (4th Cir.1999); see, e.g., Smith v. Virginia, No. 3:12CV148, 2013 WL 871519, at *4 (E.D.Va. Mar.8, 2013) ("[C]onclusory allegations fail to meet the high burden required to demonstrate entitlement to equitable tolling."), appeal dismissed, Nos. 13–6890, 13–6962 (4th Cir. Aug. 27, 2013).

U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

Moreover, to the extent petitioner attacks his prior proceedings on the grounds that he was denied counsel, there is no federal constitutional right to the appointment of counsel in state post-conviction proceedings. Murray v. Giarratano, 492 U.S. 1, 7-8 (1989) (holding that there is no federal constitutional right to counsel for indigent prisoners seeking state post conviction relief); Ashe v. Syles, 67 F.3d 46, 50 (4th Cir.1995). Accordingly, petitioner is unable to show that the adjudication of the MAR court was contrary to, or involved an unreasonable application of, clearly established federal law. Based upon the foregoing, even if the action was not time-barred, respondent is entitled to summary judgment.

B.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the

8

issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE 5) is GRANTED. The certificate of appealability is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 20th day of August, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

9